# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Damien A. Wooden, | Civil Action No.: 8:16-cv-03549-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| David W. Dunlap, Warden, | |
| John Lane, Correctional Officer, | |
| Lamanda Hooper, Correctional Officer, | |
| Defendants. | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 48), recommending that the court grant Defendants' Motion for Summary Judgment (ECF No. 29) for Plaintiff's failure to exhaust administrative remedies. For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 48) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 28).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates all facts stated in the Report, and only states facts and procedures relevant to the matter before the court. Plaintiff filed his Complaint on November 2, 2016, alleging that "[he] was assaulted by another inmate, when C[orrectional] O[fficer] Lane let inmate Ezkell [sic] Thomas in [his room]." (ECF No. 1 at 5.) Plaintiff and Mr. Thomas had exchanged words before this incident occurred. (ECF No. 1-1.) Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 3-4.) On May 5, 2017, Defendants filed a Motion for Judgment on the Pleadings (ECF No. 28); and on May 8, 2017, Defendants filed a Motion for Summary Judgment (ECF No. 29). Plaintiff responded to Defendants' Motion for Summary Judgment (ECF No. 36), and Defendant's replied (ECF No. 40). Magistrate Judge Jacquelyn D. Austin filed the Report

1

(ECF No. 48) on November 1, 2017, and Plaintiff timely objected (ECF No. 50).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the Magistrate Judge with instructions." *Id.* at 72(b)(3).

## III. ANALYSIS

Liberally construing Plaintiff's objections, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff specifically objects to the Report's finding that he did not exhaust his administrative remedies. (ECF No. 50 at 2.) The remainder of Plaintiff's objections do not specifically address the Report thus the court does not consider them.[1]

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The South Carolina Department of Corrections has a grievance procedure that "allows inmates to grieve issues related to their confinement" and includes three steps. (ECF No. 29-3 at 1-3) (paragraph numbers omitted).) The first step is informal resolution either by an inmate

---

[1] Plaintiff states that "[t]he Defendants should have to represent themselves just like the plaintiff [without the aid of counsel]," and delves further into why this is unfair. (ECF No. 50 at 1-2.)

2

attempting to resolve the issue through a Request to Staff Member Form ("RTSM") or Automated Request to Staff Member Form ("ARTSM") (a RTSM through a kiosk) that must be submitted within eight (8) working days of the incident. (*Id.*) After receiving a response to the RTSM or ARTSM, the inmate can file a Step 1 form that "requires the inmate to include 'supporting documentation and [to] attach answered RSTM or Kiosk reference number.'" (*Id*. at 2.) This form is routed to the institution's Inmate Grievance Coordinator ("IGC") after it is turned in. (*Id.*) If the Step 1 form is returned to the inmate unprocessed, they have the "opportunity to either re-file a new grievance after correcting any deficiencies, or the inmate can appeal the unprocessed grievance to the Branch Chief of the Inmate Grievance Branch within ten (10) days of the grievance being returned to the inmate." (*Id.*) If the Step 1 form is processed, and the inmate is not satisfied with the response, he or she can appeal the response by submitting a Step 2 Form to the IGC within five (5) calendar days of the response, and the response to this form is considered a final agency decision. (*Id.*)

Pursuant to *Hill v.* Haynes, 380 F. App'x 268, 270 (4th Cir. 2010) (unpublished opinion), "[ ] to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial." (citing Fed. R. Civ. P. 56(e)(2)). In order to survive Defendants' Motion for Summary Judgment, Plaintiff must produce evidence to refute the contention that he failed to exhaust his administrative remedies. (*See* ECF No. 48 at 13 (citing *Hill,* 380 F. App'x at 270).) Plaintiff fails to provide this evidence, admitting that he did not complete the grievance process due to "staff at Kershaw [Correctional Institution] giving [him] the runaround on every form [he] file[d]." (ECF No. 1 at 8.) Moreover, Plaintiff filed a Step 1 form which was returned to him because he "failed to attempt a written informal resolution as required," meaning that he did not file a RTSM or an ARTSM.

(ECF No. 29-3 at 6, 10.)  Plaintiff did not appeal this response, nor did he re-file a new grievance. In responding to Defendants' Motion for Summary Judgment, Plaintiff states that he filed an "inmate request" and a "grievance," which were rejected, and also a Kiosk rejection, however, these documents were not attached to his Response, and the court is unaware of their existence. (ECF No. 36 at 3.)  However, even if Plaintiff did submit an RTSM or ARTSM, he did not appeal the IGC's Step 1 response, thus he still would not have exhausted his administrative remedies.

As to Plaintiff's admission that he did not complete the grievance process because he got the "runaround," the court must consider whether or not he had meaningful access to the administrative remedies.  *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.")  In order to prove that the administrative remedies are unavailable, Plaintiff has to "adduce facts to show that he was prevented, through no fault of his own, from availing himself of that procedure." *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) (citing *Moore*, 517 F.3d at 725).   Plaintiff did not appeal the Step 1 decision nor has he filed a RTSM or ARTSM which according to the IGC's response as to Plaintiff's Step 1 Form, would allow him to re-file his Step 1 Form. (ECF No. 29-3 at 10.)  Plaintiff's failure to take these steps shows that his actions, and not those of the institution, have prevented him from completing the administrative process, thus he has failed to exhaust his administrative remedies.

## IV. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Report **GRANTING** Defendants' Motion for Summary Judgment (ECF No. 29.) Defendants' Motion for Judgment on the Pleadings (ECF No. 28) is **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 12, 2018
Columbia, South Carolina